Sewall, J.,
delivered the opinion of the Court.
In this action of assumpsit, the defendants are charged upon u note made by them, with an averment that it was made to the *360 plaintiffs by the name of Richardson, Metcalf, & Co. To this declaration there is a demurrer; and the ground taken oy the defendants is, that the promise expressed in the note declared on is not recoverable by' the plaintiffs.
It is argued, by the counsel for the defendants, that the objection of a variance of name is not obviated by the "averment that the promise, expressed in the note to a firm or company of individuals, was, in fact, a promise to the plaintiffs in their corporate capacity; and that the declaration is repugnant and absurd in the case of a corporation, whatever might be thought of a like form of declaring in the case of a natural body or person; and that the demurrer is no confession of the averment, if the declaration is substantially or formally insufficient. Cases have been also cited, to show that grants and obligations, to and by corporations, have been avoided in consequence of mistakes in expressing the corporate name.
* On the other hand, for the plaintiffs, the argument is, that the firm or persons named in the note are to be considered as agents for the corporation; and that the promise, being, in effect, to their use, is to ber demanded in the name of the principal, although expressed to the agent.
In the case supposed for the plaintiffs, the form of declaring would be according to the legal operation of the contract, as upon a promise made to the plaintiffs, not to them in the name of their agent. (3) The form of declaring, in the case at bar, seems to exclude this construction of the contract; or, it may be said, the objections for the defendant are not answered by the decisions which have been cited for the purpose of showing that actions are to be sued in the name of the principals, upon contracts expressed to, or implied upon, transactions with agents or factors.
But the declaration is not liable to the objections which have been urged against it, if the case there stated is provable in any course of evidence competent for the plaintiffs to produce in a trial upon the general issue. For then the variance of name is not fata, to their demand; and if it is competent for the plaintiffs to prove the allegations of their writ, then these are confessed by the demurrer.
A variance or mistake of the name, in cases of existing persons, is not fatal to their contracts, when there is a sufficient description of the parties whereby they may be known. A variance of the name subscribed from the name of the defendant does not prejudice, if it be found that the defendant executed the deed, although the name should be totally different. (4)
*361 A grantee, or person entitled by a conveyance, takes solely by the deed; and is, therefore, to be named or described with more exactness than is required in naming the party entitled by an obligation or contract constituting a chose in action. But even in grants and conveyances it is sufficient, if the name be expressed in re et sensu, although not in verbis. And in all cases a misnomer may be aided by a verdict or an averment. (5)
These principles are noticed and relied on in the case of * The Mayor and Burgesses of Lynn Regis, the case of [ * 363 ] misnomer of corporations reported by Lord Coke, and which was cited in the argument for the defendants. In that case, the defendant, who was sued upon a bond given to the corporation, pleaded non est factum, and relied upon a variance in the bond from the true and right name of the corporation. But the plaintiffs had judgment, notwithstanding the misnomer.
In a more modern case, (6) the misnomer of a corporation was considered with a view to the argument, which has been urged in the case at bar, that a corporation is a creature of the law, having no essence but what is derived from its name. In an action for tolls, which accrued to the plaintiffs in their corporate capacity, and as a duty to the corporation, the corporate name of the plaintiffs was mistaken, and the declaration was in a name variant from the name given them in their charter. But the decision was, that the misnomer was not to be taken advantage of at the trial, as a ground of nonsuit; and was only pleadable in abatement, as in the case of an existing person.
It may be objected that the variances in the cases cited of misnomer of corporations are not so considerable or material as the variance is in the case at bar, where the name of the promisees, as it is expressed in the note, is totally different from the name of the plaintiffs in their corporate capacity. The inquiry, however, is, in this case, as it was in the cases of misnomer which have been cited", of the description of the promisees, or parties in the note or contract declared on. Does the name in the note sufficiently indicate the plaintiffs? Were they known by it as the promisees? Now, this depends, in part at least, upon an inquiry of facts, which may or may not be proved; and which may be provable by evidence extraneous to the noteor, for aught that appears, the note itself may maintain the plaintiffs’ averment, that it was made to them by the name therein expressed. In an action of assumpsit, there is no proferí of the writing declared on ; and this is not like a demurrer for variance, as in a case of cyer of a deed. In such a case, a *362 [ * 364 ] different construction * might be required, if there were no averments to identify the plaintiffs in the action with the description given of them in the deed.
Upon this demurrer we have only to determine whether the declaration is in itself absurd and repugnant, and incapable of proof. We think it is not, upon the authorities respecting misnomers of corporations, or upon the reason of the thing. The declaration is adjudged good, and the plaintiffs are to have judgment to recover their demand. (7), (a)

 9 Mass. Rep. 335. —1 Chitty on Pleading, 5 —3 Bos. & Pul. 147

 Salk. 462.— Com. Dig., Fait. B, 1, E, 3; Grant, A, 2.— Ct Lit 3.-2 Rol. 42

 Dyer, 279.

 1 Bos. & Pul. 40. — 1 Chitty, 252.-3 Ans. 935.

 See 2 Bos. & Pul. 339, Elliot & Al. vs. Davis.

 [Willis vs. Barrett, 2 Stark. N. P. C. 29, and note. — Forman vs. Jacob, 1 Stark. N. P. C. 46. — Boughton vs. Frere, 3 Camp. 29. — Mayor, &c., of Stafford vs. Bolton, 1 Bos. & Pul. 40. — Stark. Ev part 4, p. 429. —Ed.]