Ewing, C. J.
The declaration in this case alleges the bond, on which the action is brought, to have been made by the defendants to “ The inhabitants of the township of Upper AUoway’s Creek in the county of Salem, by tbe name and description of The taxable inhabitants of township of Upper Alio way’s Creek is the county of Salem and State of Now-Jersey,” and contains *324 an averment in the following words j “ And the said the inhabitants of the township of Alloway’s Creek in the county of Salem, do aver and say that they are one and the same body politic añd corporate as is described and mentioned in the said writing obligatory and no other.” '
To this declaration there is a general demurrer ; and the defendants rely on the variance between the name in the bond and the true name of incorporation.
The misnomer of a corporation in a grant or obligation does not destroy or defeat the grant or obligation, nor prevent a recovery upon it in the true name, provided the corporation designed and intended by the parties to the instrument, be shewn by proper and apt averments and proof. “ There will be found a difference,” says Lord Coke, 10 Rep. 125, “between writs and grants, for if a writ abates, one might of'common right have a new writ, but he cannot of common right have a new bond or a new lease.” Hence the law has benignly provided, ut res magis valeat quam pereat, that the mistake shall not vitiate the obligation or grant, but impose on the corporation truly designed the necessity of averring and proving the real intention of the parties. In the present case the averment, if sufficient, is admitted by the demurrer to be true ; and it is sufficient, for there is no such substantial difference between the name used and the true name, there is no such irreconcilable incongruity between them, as to render it impossible for the plaintiffs under the plea of the general issue to’ prove the matter contained in the averment.
The cases in the books fully evince and establish the doctrine I have stated.
In the case of Lynne Regis, 10 Coke 122, the special verdict found that the defendant’s testator made, sealed and as his deed, delivered, the writing obligatory to the plaintiffs, the Mayor and Burgesses of the borough of the lord the king of Lynne Regis, commonly called Kings Lynne in the county of Norfolk, by the -Name of the Mayor and Burgesses of Kings Lynne in the county of Norfolk; and judgment was given for the plaintiffs. In the case of the Abbot of York, cited 10 Co. 125, the Abbot of York was incorporated by this name, “ The Abbot of the Monastery of the blessed Mary of York,” and a bond was made to the Abbot by this name — “ The Abbot of the Monastery of the blessed Mary without the walls of the city of York.” The Ah- *325 hot brought his action of debt by his true name, aud in ins dederation he said that the bond was made to the plaintiff, by the name, &c. which says Lord Colee implies an averment, that the abbey was within York; and the writ was awarded a good writ, by the opinion of the whole court; and yet the , name in the bond doth not import, of itself, the true name of the corporation without averment dehors.
In Medway Cotton Manufactory v. Adams, 10 Mass. 360, the declaration, on a promissory note, alleged that the defendants promised the said Medway Cotton Manufactory, by the name of Richardson, Metcalf and Co. to pay them &e. On de - murrer the declaration was held good, and judgment was given for the plaintiffs. The court said, the declaration was not liable to the objections, which had been made against it, if the case there stated, was proveable in any course of evidence competent ibrthe plaintiffs to produce in a trial upon the general issue. For then the variance of name was not fatal to their demand.
In the African Society v. Varick 13, John 38, the suit was brought by the name of “ The New-York African Society for Mutual Relief,” the declaration stated that the defendants acknowledged themselves to be held and firmly bound to the plaintiffs by the description of “ The Standing Committee of the New-York African Society for Mutual Relief” in the sum of&c. to be paid 8ic. On general demurrer, judgment was given for the plaintiffs. The court said, “ where a deed is made to a corporation by a name varying from the true name, the plaintiffs may sue in their true name, and aver in the declaration that the defendant made the deed to them by the name mentioned in the. deed. The allegation in the declaration that the defendants acknowledged themselves to be bound unto the.plaintiffs by the description, &c. is equivalent to such an averment.” This case meets one of the difficulties urged by the counsel of the defendants, that the bond being made to the taxable inhabitants is made to part only of the persons included in the corporation, and that therefore the averment cannot be sufficient.
In the President &c. v. Myers, 6 Serg. and Rawle 12, the declaration set forth a covenant with “The President Managers and Company of the Berks and Dauphin Turnpike road,” and the article produced on the trial, contained a covenant with “ The Berks and Dauphin Turnpike Company,” Gibson, Justice, in *326 delivering the opinion of the court, said, “ In pleading, the style or corporate name must be strictly used, and while the law was that a corporation could speak only by its sea), the same strictness in the use of the style was also necessary in contracting. But when the courts began to allow these artificial beings, most, if not all, the attributes of natural existence, and to permit them to contract pretty much in the ordinary manner of natural persons, a correspondent relaxation in the use of the exact corporate name, for the purposes of designation necessarily followed. I take the law of the present day to be, that a departure from the strict style of'the corporation, will not avoid its contracts if it substantially appear that the particular corporation was intended, and that a latent ambiguity may under proper averments be explained by parol evidence, in this as in other cases, to shew the intention.” , x
In Woolwich v. Forrest and others, Pen. 115, the suit was brought in the name of “ The Inhabitants of the Township of Woolwich in the county of Gloucester” and the bond was made to “ The Inhabitants of the township of Woolwich” which this court held would have been sufficient if there had been an averment in the declaration, that the person or corporation described in .the grant is the same with that named in the writ.
.In The Inhabitants of the township of Middletown in the county of Monmouth v. McCormick, Penn. 500, the declaration set out a bond to the plaintiffs by the name and description of “ The Inhabitants of Middletown aforesaid, in their corporate capacity” and contained an averment that the plaintiffs were the same body politic and corporate as described in the bond. On general demurrer, judgment was given for the plaintiffs. The Chief Justice said, “When a corporation appears in court in its proper corporate name, and declares upon a bond in which there is a variance from that name, it must be averred in some form or other, that the corporation suing, and the corporation named in the bond is one and the same corporation.”
On the part of the defendants it is insisted that no averment can sustain the bond in question, because it was taken from the collector of taxes of a township under the third section of the supplement to the act concerning townships, Rev. Laws 724, which requires that such bond shall be taken in the corporate mme of the township.
*327 It might suffice to say ¡hat inasmuch as there is no oyer of the bond in the present case, the condition is not upon the pleadings, and we cannot therefore judicially see that it was given by a tax collector. But if for argument’s sake we suppose it so to be, it is manifest that the conclusion deduced from the direction in the act, that it shall be taken in the corporate name, is unsound ; for the requisition of the act is really nothing more than the genera! rule, that all bonds given to corporations should be given in the corporate name j and hence a variance in this case can operate no more, nor be less remediable, than in ordinary cases. Moreover as the act requires such a bond to he taken in name of the corporation, if the bond in question be a collector’s bond, a presumption, in support of the averment, arises that it was really designed to be given to the plaintiffs, and that the parties by the name and description in the bond really intended, the corpora ■ u'on now the plaintiffs. It may be farther observed that the aetinder which the constable’s bonds were taken in the cases of Woolwich and Middletown, directs them to be entered into “ to the inhabitants of the township in their corporate name and capacity.” Patt. 323, sect. 52.
We are of opinion the demurrer is not well taken, and should he overruled, and judgment rendered for the plaintiffs, with leave to the defendants, if they choose, to withdraw the denum'er anc plead, &e>
Judgment accordinglj ■