## MITCHELL v. NORRIS.

### April 28, 1838.

#### *Demurrer.*

In an action on a single bill, in which the obligee is styled "the Superintendent of the Columbia and Philadelphia Railway," and the plaintiff in the writ and declaration styles himself "*late* Superintendent of," &c., a demurrer averring that the plaintiff, at the time when the instrument declared on was executed, was not such superintendent, and has not been at any time since, is not sustainable.

IN this case, the plaintiff was "William B. Mitchell, late Superintendent of the Columbia and Philadelphia Railway," and the defendants were William Norris and others.

The plaintiff declared upon two single bills or writings obligatory, alleging that the defendants executed the same on the days, &c. whereby they promised to pay him by the name and description of "*the Superintendent* of the Columbia and Philadelphia Railway to the use of the Commonwealth of Pennsylvania," the said sums of money, in the said bills respectively mentioned.

The defendant Norris, (who alone was served with process) pleaded in abatement as follows:—

"And the said defendant, Norris, by William M. Meredith, his attorney, comes and defends the wrong and injury, &c., and prays judgment of the said bill, because, he says, that the said William B. Mitchell, at the time of the execution of the several writings obligatory, in the declaration mentioned, to wit, on the 29th day

[Mitchell v. Norris.]

of September, A. D. 1835, was not, and has not at any time since, been, and is not now, Superintendent of the Columbia and Philadelphia Railway, and that Jas. Mehaffey was during all that time, and now is, Superintendent thereof, and this, &c. Wherefore, inasmuch as the said Mitchell is named and called late Superintendent of the Columbia and Philadelphia Railway, the said defendant, Norris, prays judgment, &c."

To this plea the plaintiff demurred, and the defendant joined in the demurrer.

*Bayard* and *J. R. Ingersoll*, for plaintiff.
*Meredith*, for defendant.

The opinion of the court was delivered by

Stroud, J.—The plea prays *judgment of the bill*, i. e. it objects to the *declaration*, and the fault in the declaration is stated to be that the plaintiff styles himself in it, *late* Superintendent of the Columbia and Philadelphia Railway, whereas, as it is averred, at the time when the instruments declared upon were executed, he was not such superintendent, and has not been at any time since. Now the designation *late superintendent*, &c. is but matter of description, and the epithet *late* is not necessarily restricted in its meaning to any particular period of time; therefore, taking the averment in the plea to be true, there is no incongruity between this averment and the designation specified. And as pleas of this description are never favoured, as the utmost precision and certainty are required in them, and as nothing can be supplied by intendment to sustain them, the defendant must answer over.

It does not appear to me, however, that the question apparently intended to be raised here, is the proper subject of a plea *in abatement*. It certainly does not give *this* plaintiff a better writ—it goes to defeat his right of action altogether—and this is the distinguishing criterion between a plea *in abatement* and *in bar*. In Yeomans *v.* Bradshaw, *Carth.* 373, where it was pleaded *in abatement* that letters of administration had been granted by the Metropolitan instead of the Prerogative Court (inasmuch as the deceased had *bona notabilia*, and, therefore, the letters by the former were void.) Serjeant Williams, in his note to 1 *Saund.* 274, (note 3,) speaking of this case says, " it seems clear that is a matter pleadable *in bar*, and not in abatement." It is a principle that

[Mitchell v. Norris.]

every plea in abatement must give the plaintiff a better writ, but the effect of this plea is, that the plaintiff has no right to sue at all in the *character of administrator*, and therefore a bar to the action.

But I do not wish to be understood as expressing an opinion that this matter may be made available to the defendant *in bar*. It would have been better, I think, had the plaintiff brought his action in his own proper name only, without the designation which is superadded. As it is, I am inclined to regard the addition as *surplusage*. The case of The Medway Cotton Manufactory *v.* Adams, 10 *Mass.* 360, shows that a declaration framed as the present is, may be supported, provided proper evidence can be adduced in its support. In that case the declaration stated that the defendants, by their promissory note, &c. promised the said *Medway Cotton Manufactory* by THE NAME of *Richardson, Metcalf & Co.*, to pay them or order, &c. This was demurred to on the ground "that the plaintiffs have declared on a promise made to *Richardson, Metcalf & Co.*, which is the proper style of a firm, and yet have averred that said promise was made to the plaintiffs, who are a corporation," &c. But the court overruled the demurrer, Sewall, J., on delivering the opinion of the court, making these remarks: "the inquiry is, in this case, as it was in the cases of *misnomer* which have been cited, of the description of the promisees or parties in the note or contract declared on. Does the name in the note sufficiently indicate the plaintiffs. Were they known by it as the promisees. Now this depends, in part, at least, upon an inquiry of facts which may or may not be proved, and which may be proveable by evidence extraneous to the note, and for aught that appears, the note itself may maintain the plaintiffs' averment, that it was made to them by the name therein expressed. In an action of *assumpsit*, there is no *profert* of the writing declared on; and this is not like a demurrer for variance, as in case of oyer of a deed. In such a case, a different construction might be required, if *there were no averments to identify the plaintiffs in the action, with the description given of them in the deed.*"

PETTIT, *President*, was absent from indisposition.

Judgment of *respond. ouster*.