By the Court, Nelson, Ch. J.
The ground of error relied on is, that no right or title is shown in the plaintiffs below; the obligation being to the directors of the company. If the declaration .had been drawn in a lawyer-like manner, it would have contained an averment that the bond was made to the plaintiffs, by the name and description of the “ directors of the Onondaga County Mutual Insurance Company.”(a) But I am satisfied the declaration is sufficient, after verdict or judgment by default, without this averment. The board of directors, being the known legal agents of the corporation, are to be regarded as its representatives in all their official acts and doings. (Sess. Laws of 1836, p. 177; id. p. 43, § 3.) They are to be so regarded upon this record: and then the rulé applies, that where a contract purports on its face to have been made by or with an agent, having no direct or beneficial interest in the transaction, the suit must be brought in the name of the principal, as the contract is in legal effect made with him, and not with the agent. (1 Chitty's Pl. 7, Am. ed. of 1840.) The case of Pigott v. Thompson, (3 Bos. & Pull. 147,) exemplifies the *478 rule. There, certain persons named wei’e appointed commissioners for draining lands, with power to erect toll-gates and take tolls, and the tolls were vested in the commissioners and their successors. They let the tolls to the defendant for three years, who signed a writing acknowledging the hiring at £.145 per annum, “ to be paid to the treasurer of the commissioners” ifcc.; and the question was, whether the rent could be recovered in the name of the treasurer. The court held that the contract was in legal effect with the commissioners, and that the action should have been brought in their name. In Gilmore v. Pope, (5 Mass. Rep. 491,) the plaintiff sought to recover certain assessments made upon shares in a turnpike company, subscribed for by the defendant; and the promise in the subscription paper was, to pay the assessments to John Gilmore, the agent of the company, in whose name the action was brought. The court nonsuited the plaintiff, holding that the agent could not sue, and that the action should have been brought in the name of the corporation. Afterwards, an action was brought on the same subscription paper, in the name of the company, and it was sustained. (Taunton and South Boston Tump. Co. v. Whitings 10 Mass. R. 327 ;(b) and see Lawes On Pleading, 110, 312.)
*479 As a general rule, a written contract should he set out in pleading according to its legal effect; but where the true meaning is doubtful, it is most advisable to set out the contract in hcec verba, and leave the court to construe it. (1 Chitty’s Pl. 306, 7; 1 Barn. & Cress. 358; 3 Barn. & Ald. 66, 69, 70.) In this case, the legal operation and effect of the bond is sufficiently obvious, though I admit the count would have been more scientific if the averment already mentioned had been made. But the court cannot fail to see, upon the face of the record, that the obligation is to the plaintiffs, by the name of their directors, the legally constituted agents of the corporation.
I am satisfied that the plaintiffs show a sufficient title to sustain the suit upon the bond, and that there is no foundation for the writ of error.
Judgment affirmed.

 See The African Society v. Varick, (13 Johns. Rep. 38;) Woolwich v. Forest, (1 Penning. Rep. 115;) The Medway Cotton Manufactory v. Adams, (10 Mass. Rep. 360.)

 The doctrine of these cases was again considered in The Commercial Bank v. French, (21 Pick. 486,) and Morton, J. who delivered the opinion of the court, there said: “ A contract may be made to or with a person as well by description as by name. And where the parties can be ascertained, it will be valid, although their names be mistaken or their description be incorrect It cannot be doubted that a note to the Commercial Bank would be valid and might be declared on as a promise to tire plaintiffs, although their legal name is ‘ The President, Directors and Company of the Commercial Bank.’ So a contract with the stockholders, or with the president and directors, or with the directors of the Commercial Bank, would doubtless, in legal effect, be a contract with the Corporation.” (Id. 489,490.) He further observed: “ The principle is, that the promise must be understood according to the intention of the parties. If in truth it be an undertaking to the corporation, whether a right or a wrong name, whether the name of the corporation or of some of its officers, be used, it should be declared on and treated as a promise to the corporation. And there is no so safe criterion as the consideration. If this proceed from the corporation, it raises a very strong presumption that the promise is made to them. If no express promise be made, but it be left to .legal implication, it must be to them.” (Id. 490, 1.)