Totten, J.
delivered the opinion of the court.
The action was assumpsit, and was tried on the plea of non-assumpsit, in the circuit court of Shelby, on the 25th January, 1845; the verdict was against the Memphis City Hotel Company and John Parks, and in favor of George O. Ragland. The plaintiffs’ motion for a new trial as to said Ragland having been overruled and judgment entered on the verdict, a bill of exceptions was taken and filed, and a writ of error has been prosecuted to this court.
It appears from the record, that the action was founded on a bill of exchange, dated March, 1842, drawn by Hickman & Austin, and addressed in terms, to the “building committee of the City Hotel in Memphis,” and ordering them to pay Mr. Geo. 0. Ragland fourteen hundred and seventy-two dollars, the amount due him on settlement on the second and third payments for building said hotel. It was presented by said Ragland, the payee, to J. Parks, president of said Memphis City Hotel Company, and by him accepted in pursuance of an order of the company, payable, half on the 21st August, 1842, and half on the 21st February, 1843, which mode of acceptance was received by said Ragland. On the 15th May, said Ragland credited the bill with one half of its amount and thirty-four dollars and sixty-six cents on the other half. After this partial payment said *547 Ragland endorsed tbe bill “to John Parks or order,” and he endorsed it to plaintiffs. At the maturity of the bill, as accepted, the plaintiffs as holders thereof, caused payment to be demanded of D. Parks as president of the Memphis City Hotel Company, and it being refused, the bill was protested for non-payment, and the defendant duly notified.
It further appears that the Memphis .City Hotel Company, was first formed as a joint stock company, and on the 26th January, 1842, the same, was incorporated; 'that' the building committee consisted of four of the five directors of said company, the said D. Parks being one of them.
The court charged the jury, that the endorsers would not be liable unless demand of payment had bjen made of the said building committee of said hotel company, and also of the Memphis City Hotel Company, as drawees of the bill. The court also charged that if it were agreed between said defendants, Ragland and Parks, at the time of the endorsement by the former to the latter, that he, Ragland, should not be liable thereon, in such case, he would not be liable, that is, not liable to a subsequent holder.
' Several questions have been made. On the part of the plaintiffs, it is insisted, that there is error in the charge of the court. The charge assumes that the bill should be presented for payment, to two separate drawees thereof, that is, to the building committee of the City Hotel, and to the Memphis City Hotel Company. Now it seems to be perfectly well settled, that there, cannot be a series of successive acceptors, upon the same bill. It must be accepted by the person intended as the drawee thereof, or if he refuse to accept, then by a *548 third person for honor, or where the bill states no drawee, then by a person in that character. See 3 B. and Ad. 114; Chitty on B., 183; Story on B., sec. 254. But when accepted in either way, the party so accepting, and he only, is liable as acceptor. Chitty on B., ch. 7, p. 311, (ed. 1833;) Jackson vs. Hudson, 2 Camp., 447; 11 Mass., R., 436; Story on B., sec. 254.
In the present case the drawees are described as the building committee of the hotel company; the hotel company accepts the bill and the holder received such acceptance, as being the one to which he was entitled, as payee and holder of the bill. It is evident that the building committee of the hotel company, are not intended as drawee, separate and independent of the company of which they are described as being merely a committee. If they had power to accept the bill at all, it would be merely for and on behalf of the company they represented, and the acceptance would be the acceptance of the company. We think then that the acceptance of the company by its own proper act, was a good acceptance; it was in fact the drawee intended by the bill, although it is called by an imperfect description.
The Memphis City Hotel Company having accepted the bill as the drawee described and intended, it alone became liable as acceptor and it was not proper to demand payment of another. We also think his Honor erred in his charge in reference to the liability of Ragland. He was the payee and endorsed the bill to “John Parks or order,” who endorsed it to plaintiffs.
Now as between Ragland and Parks, it is very probable that any agreement between them that the former should not be liable to the latter, as an endorser is *549 liable, might be inforced; it certainly would have been the more proper course to have qualified his liability if such were intended, in the terms of the endorsement. But however this may be, as between those parties, such understanding in opposition to the terms of the endorsement could not affect a subsequent bona fide holder of the paper, or exempt the endorser from liability according to the terms of the endorsement. The endorsement is equivalent, in its effect, to the drawing of a bill, the endorser, being in almost every respect, considered as a new drawee, or the original drawee, and it amounts, in legal effect, to a contract on the part of the endorser, with and in favor of his endorsee and every subsequent holder, that the instrument itself and all antecedent signatures thereon, are genuine; that it will be paid on due presentment at maturity, by the party who is liable to pay it, and if not, that he, the endorser, on being duly notified of its dishonor, will pay the same to the holder. The undertaking of the endorser in favor of his endorsee or any subsequent holder, is the same as that which is implied on the part of the drawer, by drawing the bill. And as the drawer undertakes that the acceptor shall pay the bill on presentment when it becomes payable, so the endorser of an accepted bill, undertakes that the acceptor shall pay it. See 6 Cow., 484; 7 Pick., 291, 244; 8 How., 375; Chitty on Bills, 241; Story on Bills, sec. 108 and 107.
Now as the bill in question was accepted by a person corresponding with the description of the drawee, can there be any doubt, but that the undertaking of the endorser, who had procured the acceptance, was, that if the said acceptor did not pay the bill on due presentment, that he, the endorser, on notice of its dishonor, *550 would pay it. We think the holder of the bill was bound, under the circumstances of this case, to make demand of the person whose acceptance the endorser had procured, and that a demand of any other supposed drawee, would have been improper.
As to the question of variance which has been discussed, we do not think it arises in the case. The instrument appears to be truly and accurately described in the declaration, with an averment that by the address to “the building committee of the City Hotel in Memphis,” was meant and intended the Memphis City Hotel Company, If this were so, it was entirely proper and competent to make the averment. But the plea of non-assumpsit, not verified, does not therefore admit the truth of the averment; it only admits the paper as it appears on its face, and the truth of the averment not being admitted, must be proved as in other cases.
There can be no doubt that an erroneous or imperfect description of the name of a party to a note, bill or bond, may be cured by averment, and often by intendment. 13 J. R., 38; 10 Mass., 360; 5 Black. R., 278; Ang. and Ames Cor., 513.
• The last question to be noticed, is, the objection made by defendant’s counsel, that' the paper sued on is not in legal contemplation, a bill of exchange, and that therefore no such rights and liabilities as those of holder and endorser can arise on it.
No precise form is necessary to a bill of exchange; “it is an open letter of request by one person to another to pay money,” and “it will be sufficient if it be in writing and contain an order, directed by one person to another, absolutely, to pay money to a third person, and cannot be complied with and performed without *551 the payment of money.” See Story on Bills, sec. 33; Chitty on B., 127. “If it be payable out of a particular fund only, or upon an event which is contingent, or if it be otherwise conditioned, it is not in contemplation of law a bill of exchange.” Story on Bills, sec. 46.
Now the paper in question is an order made by the drawers on the drawee to pay to Geo. »0. Ragland fourteen hundred and seventy-two dollars; so far it is a compliance with the best forms to be found in the books. But it adds this explanation or remark, “the amount due him on settlement on the second and third payments for building said hotel,” and it is supposed that this latter part vitiates it as a bill.
Whether it is a bill or not must be determined from the face of the instrument itself, and not from any extrinsic proof. The proof offered in the court below to show on what account the bill was drawn, was wholly irrelevant to the question. It matters not on what account the bill is drawn, whether on funds or credit, provided the bill be not conditioned or payable out of a “particular fund only.” Now this bill is not payable out of a particular fund , only, nor is it conditioned, but is payable absolutely. It is said that a bill drawn by a freighter on a third person, payable to a person entitled to receive the . freight “on account of freight” is good; for it is not payable out of a particular fund, but merely shows to what account it is to be applied, or what is the value which has been received. Cowper R. 571; Baily on Bills, ch. 2, sec. 6, p. 18; Story on Bills sec. 47.
The judgment will therefore be reversed, and the cause remanded for further proceedings.