### JAMES R. BRYANT *vs.* ARTHUR M. EASTMAN.

A debtor sent a promissory note to his creditor in payment of a debt, by the hand of a third person, who, before delivering it, at the request of the creditor, and for the purpose of giving credit to the note, put his own name on the back of it. It was held that such third person was liable as an original promisor.

One who, while carrying on business on his own account, in the name of a company, which has been incorporated, but not organized, receives, in payment of a debt contracted with him in such business, a promissory note, payable to the order of the corporation, may transfer the note by indorsing it in his own name.

THIS was an action of assumpsit by the indorsee against the promisor on a note of which the following is a copy: " $250. Boston, Feb. 9, 1848. Six months after date, I promise to pay to the order of New England Steam & Gas Pipe Co., two hundred and fifty dollars, value received. LEMUEL LYON." On the back of the note was the name of the defendant, and underneath it the name of James Derby.

It appeared in evidence that, prior to the giving of the note in question, the legislature of New Hampshire had passed an act incorporating a manufacturing corporation by the name of the New England Steam & Gas Pipe Co. This company had never been organized, nor had any company been formed to act under the charter; but James Derby had opened an establishment in Boston, for the manufacture and sale of articles similar to those contemplated by the act of incorporation, and carried on the business in the name of said corporation, but

on his own sole account. Lyon contracted a debt at this establishment, and sent this note there by the defendant, and offered it in discharge of said debt; the name of the defendant not being then upon it. At the request of Derby, and for the purpose of making the note unquestionably good, the defendant put his name upon the back of it, and in that condition it was accepted by Derby. Derby afterwards indorsed the note in his own name to the plaintiff. The company was afterwards organized, but they never had any interest in this note.

The presiding judge of the court of common pleas, ( *Wells,* C. J.,) instructed the jury that, if the defendant signed the note at the request of Derby, and for the purpose of removing all doubt as to the goodness of the note, and did it before tne note was accepted by Derby in discharge of his account against Lyon, there was a sufficient consideration for the engagement of the defendant, and he would in that event be liable as an original promisor : That if Derby was carrying on business solely on his own account, but in the name and style of the New England Steam & Gas Pipe Co., and this name was assumed without practising or intending to practise any fraud upon any person, then the promise might be regarded as made to Derby, and he could transfer a legal title to another, by an indorsement of the note in his own name.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*L. Gale,* for the defendant. 1. The defendant was not an original promisor. *Tenney* v. *Prince,* 4 Pick. 385; *Moies* v. *Bird,* 11 Mass. 436; *Dean* v. *Hall,* 17 Wend. 214; *Samson* v. *Thornton,* 3 Met. 275; *Union Bank of Weymouth and Braintree* v. *Willis,* 8 Met. 504, 509.

2. The plaintiff cannot maintain an action on the note as indorsee, because the name of the payee does not appear in the indorsement. Chit. Bills (10th Amer. ed.) 228; Story on Notes, § 35; *U. S. Bank* v. *Lyman,* 11 Law Reporter, 156, 166; *S. C.* 20 Verm. 666; *Shepard* v. *Hawley,* 1 Conn. 367. And the parol evidence, admitted at the trial to prove who the payee was, was incompetent. *U. S. Bank* v. *Lyman,* ubi sup.; Story

on Notes, § 35; *Stackpole* v. *Arnold*, 11 Mass. 27, and cases cited in Rand's note, 30; *Mayhew* v. *Prince*, 11 Mass. 54; *Arfridson* v. *Ladd*, 12 Mass. 173. To maintain this action, the plaintiff should be a *bonâ fide* holder, ignorant of the fact that the payee was fictitious. Story on Notes, § 39; 2 Greenl. on Ev. § 166; Story on Bills, § 200.

· *H. Jewell*, for the plaintiff.

This case was argued and decided at November term, 1850.

SHAW, C. J. As to the first point, it seems to the court clear, upon the authorities, that the defendant was an original promisor. It is proved that he put his name on the back of the note, before it was received by Derby, for the purpose of giving credit to the note, in which case he is not regarded as indorser or guarantor, but as a surety acting upon the same consideration with the principal promisor. It may be regretted that this rule has been adopted, but it is now too well established to be questioned. *Hunt* v. *Adams*, 5 Mass. 358, and 6 Mass. 519; *Samson* v. *Thornton*, 3 Met. 275; *Union Bank* v. *Willis*, 8 Met. 504. Such a note is regarded a joint and several note, because each promises to pay, and both unite in the same promise.

The next point appeared at first to be one of more difficulty, namely, whether a note in form payable to the New England Steam & Gas Pipe Company, could be treated as a note payable to James Derby or order, and sued by him or his indorsee. Upon consideration, the court are of opinion that the action may be maintained.

It was proved that at the time the note was made, there was no company actually existing, carrying on business, of the name indicated as payees; such a company had been incorporated by the legislature of another state, but no company had been organized. It further appeared that James Derby was carrying on the business of the manufacture and sale of steam and gas pipes, and that Lyon, with whom the defendant gave the note as co-promisor, had contracted a debt with Derby, thus dealing under the name in question, and that this note was given in satisfaction of that debt. These are facts extraneous

10 *

to the note, not repugnant to it, and therefore may be proved by evidence *aliunde.*

It is a well settled rule, that a note or written simple contract may be declared on, according to its legal effect and operation. It has been decided that a note made to Richardson, Metcalf & Co., might be declared on in the name of the Medway Cotton Manufactory, on proof that such name was used by that corporation. *Medway Cotton Manufactory v. Adams,* 10 Mass. 360. In a comparatively recent English case, where a note was made payable to a married woman during coverture, which, of course, was a note in legal effect payable to the husband at his election, it was declared on as a note by which the defendant promised to pay to John Fearn, by the name of Mrs. Rachel Fearn, and by said John Fearn indorsed to the plaintiff; and it was held good. *Burrough v. Moss,* 10 B. & C. 558. The same principles are adopted and affirmed in a recent case in this court. *Commercial Bank v. French,* 21 Pick. 486.

There is certainly an inconvenience in an individual carrying on business by a name or description other than his own, but we are not prepared to say that it is illegal;\* and the inconvenience to the party himself is, in general, sufficient to prevent it. But there are instances, where, for the sake of notoriety, or preserving the good will of a trade, names are kept up, after the original parties have all disappeared, and the names of the parties really interested have all changed.

We do not consider it as a note payable to a fictitious payee, but as a note given to a real party, or his order, in satisfaction of a real debt contracted with that party, in a name not his own, but assumed and adopted as a business designation.

---

\* The statute of 1853, c. 156, provides that "no person, carrying on business in this commonwealth, shall assume or continue to use, in his business, the name or names of any person or persons, formerly connected with him in partnership, or of any other person or persons, either alone or in connection with his own  or any other name or designation, without the consent of such person or persons, or of his or their legal representatives in writing;" and that "the supreme judicial court shall have power  in equity to restrain by injunction the use of any person's name in violation of this act."

As this is a promissory note, which might be specially de-clared on, as a note given by the defendant, payable to Derby, by the name of the New England Steam and Gas Pipe Company, or his order, and by Derby indorsed to the plaintiff, it may be given in evidence, in an action by the indorsee against the promisor, in support of the money counts.

*Exceptions overruled*