MoKiNNEY, J.,
delivered the opinion of the court.
In the court below, judgment was rendered for the defendants, 'upon the plaintiffs’ demurrer to the defen *97 dants’ pleas in abatement, on the ground, that the declaration, to which the demurrer reached back, was substantially defective. The alleged defect in the declaration, is, a misjoinder of counts, or causes of action. And the question is, did the court err in its judgment upon the demurrer.
It is well settled, as a general rule, that where the plaintiff has several causes of action, of the same nature, all accruing to him in the same right, and against the defendant in the same character or capacity, they not only may, but ought to be joined in one action, by several counts in the declaration.- The policy of the law favors such joinder, and if several actions are brought, the plaintiff may be compelled to consolidate them, at his own costs.
The test given in some of the books, by which to decide as to the joinder of counts, namely, that the same plea may be pleaded, and the same judgment given on all the counts of the declaration, is by no means universally correct. The proper criterion seems to be, that the causes of action, set forth in the several counts, are of the same nature, and require, at common law, the same judgment, a capiatnir, or a misericordia, although the pleas may be different; as in debt on judgment, on specialty, and on simple contract, which may all be joined in one action, though the plea to each count may be different. Chitty’s Pl., 200; Gould’s Pl. ch. 4, §§ 79 to 99.
Applying these general principles to the case under consideration, we think it clear, that the judgment of the circuit court is erroneous. Here, the bonds declared on in the several counts, are the official bonds of the treasurer of the board of trustees: • the one for the year *98 1843, and the other for the year 1844. The defendants, G-. B. Powell and William Miller, were sureties to both bonds. The other sureties to said bonds, who are not sued in this action, were not sureties to both. W. D. Kenner was only a surety to the bond of 1843; and Jacob Miller and ITenry Tartar were only sureties to the bond of 1844.
It is urged, that the parties to the two bonds being, as to some of the persons, different, this of itself constitutes a sufficient reason why a joint action cannot be maintained 'upon said bonds. Had all the sureties-to both bonds been sued in this action, this argument would have been well founded. Put the rule of the common law, which required, that upon joint contracts, the parties should all be sued; and that upon joint and several contracts, the plaintiff should proceed against all jointly, or each separately, being altered by our law, which makes all joint contracts, in effect, joint and several, and permits the plaintiff to proceed against so many of the parties, or obligors, as he may think proper; the argument, we think is of no force. The plaintiff having the election to sue some of the joint obligors, and to omit others; and the persons sued in the present action, being parties to each bond, the case rests upon precisely the same ground, so far as the question of misjoinder is concerned, as if there were no other parties to said bond; the bonds described in the different counts, are to be regarded as the bonds of the defendants alone.
Again: it is said that in a joint recovery and judgment, upon both counts of the declaration, the several liabilities of the sureties, on the different bonds, will be so confused and blended, that in a proceeding by them respectively, for indemnity and contribution, against *99 their principal and co-snreties, their rights cannot be adjusted, because it cannot be ascertained what amount of damages was assessed upon either bond.
No such consequence need ensue, if the proceedings are properly conducted. Separate damages should be assessed by the jury upon each count of the declaration; and the judgment of the court, in pursuance thereof, should be for the recovery of the penalty of the bond described in the first count, to be discharged by the payment of the damages assessed by the jury upon that count; and likewise for the recovery of the penalty of the bond described in the second count, to be discharged in like manner; stating the aggregate amount of damages for which execution is awarded.
2. The misnomer of the corporation is no ground of objection. The first bond is made payable to William Simpson and others, by the description of “Trustees of the McMmmille Academy in Hawkins county,” &c.; and the corporate, name is “ McMinn Academy.” It has been held, and we think properly, that where a deed is made to a corporation, by a name varying from the true name, the plaintiffs may suq in their true name, and aver in the declaration that the defendant made the deed to them, by the name mentioned in the deed. 10 Mass. Rep., 360, 363; 13 Johns. Rep., 38; Angel & Ames on Corp., 584, (third edition.)
The result is, that the judgment of the circuit court will be reversed, and the demurrer to the pleas in abatement be sustained, and that the defendants answer over to the declaration.