G. W. COLTON et als vs. WILLIAM F. STANWOOD et als.

Androscoggin.   Decided October 30, 1877.

*Amendment.*

The plaintiffs, Colton, Z. and R. declared on a poor debtor bond given by the defendants to them in the ordinary form. One of the defendants prayed oyer and demurred for variance, the names of the obligees in the bond being given as Carlton, Z. and R. The presiding justice sustained the demurrer, but allowed the plaintiffs to amend without terms, by describing the bond as given to the plaintiffs by the names of Carlton, Z. and R. The defendants excepted to the allowance of the amendment.

*Held*, that the declaration was amendable and that the plaintiffs, on proper averments and on proof that they, though misnamed, were the parties really intended, might maintain the action.

*Held* also, that it was no good ground of demurrer, that the bond though several as well as joint was not so described; this being a joint action, was sustained by the production of a bond in which the defendants bound themselves jointly and severally.

But, *held*, that R. S. c. 82, § 19, is imperative as to the terms on which the plaintiffs may amend their declaration when adjudged insufficient on demurrer, and that it was erroneous to permit the plaintiffs to amend here, except on the statute terms.

ON EXCEPTIONS, at the April term, 1877.

DEBT on a poor debtor bond.

William F. Stanwood, one of the defendants, on oyer of the bond, set out the same at the September term, 1876, and demurred specially; and the demurrer was joined by the plaintiffs. The other defendants severally pleaded the general issue at the same term. The cause of demurrer assigned was a variance. "The obligees mentioned in the bond are G. W. Carlton, C. B. Carlton, H. F. Zahm and L. A. Roberts, co-partners, doing business under the firm name and style of Carlton, Zahm and L. A. Roberts, and not the plaintiffs, G. W. & C. B. Colton, Zahm and L. A. Roberts, copartners, doing business under the firm name and style of Colton, Zahm and Roberts, as set forth in the plaintiffs' writ and declaration."

At this (April) term, the demurrer filed by Stanwood, was sustained and the declaration adjudged bad. Thereupon the plaintiffs filed a motion to amend their writ, which motion was allowed

by the presiding justice without terms; and to its allowance, the defendant, Stanwood, alleged exceptions.

*C. Record,* for the defendants. The amendment was not permissible upon any terms. *Venn* v. *Warner,* 3 Taun. 263. *Gould et als* v. *Barnes,* 3 Taun. 504. *Blackmore* v. *Flemyng,* 7 Durnf. and E. 447. *Willard* v. *Missani,* 1 Cow. 37. *Hemmenway* v. *Hickes,* 4 Pick. 497. *James* v. *Walruth,* 8 John, 410. *Pitt* v. *Green,* 9 East. 188. *Ehle* v. *Purdy,* 6 Wend. 629. *Turner* v. *Eyles,* 3 Bos. and Pul. 456. 1 Chitty Pl. (3 ed.) 228.

If this court should otherwise hold, then it was error to allow the amendment without terms. R. S., c. 82, § 19. *Wakefield* v. *Littlefield,* 52 Maine, 21. Rules of court 4 and 5.

*W. P. Frye, J. B. Cotton* and *W. H. White,* for the plaintiffs.

The amendment was allowable. *Farrar* v. *Fairbanks,* 53 Maine, 143.

BARROWS, J. It was long since held, and, so far as we know, it has never been questioned, that if a plaintiff sues as payee of a bill or note, or as promisee in a simple contract which purports on its face to be payable to, or made with a person of a different name, this may be explained by evidence *aliunde,* and there will be no variance to defeat the action, if the record contains the proper averments, and the plaintiff can show that he was the person really meant. *Willis* v. *Barrett,* 2 Stark. 29. Starkie on Evid. Metcalf's ed., part. IV, *1579, and cases there cited. 2 Greenleaf's Evid. (2d ed.), § 160. *Com. Bank* v. *French,* 21 Pick. 486, 489. *Medway Cotton Manufactory* v. *Adams,* 10 Mass. 360. *Ch. Association* v. *Baldwin,* 1 Met. 359. The same doctrine was held applicable to a specialty in *Lowell* v. *Morse,* 1 Met. 473.

We see no valid reason to question the propriety of this. The undertaking of the defendants might well be declared on according to its legal import and effect, and it is only necessary upon proper averments and proof, to ascertain to whom the promise was really made. The bond would seem to have been delivered to the officer as the agent of these plaintiffs, and the best aspect that the case can wear for the defendants, is, that they made a mistake in the name of the parties with whom they were dealing, which the agent of those parties did not discover.

We find in it no substantial ground of defense. This court in *Wilton Manuf. Co.* v. *Butler,* 34 Maine, 431, decided as a question of fact, upon which parol evidence was admissible, whether a certain corporation was the party to a judgment recovered under a name variant from the corporate name. The *dictum* in *Farrar* v. *Fairbanks,* 53 Maine, 143, was based upon such authorities as the foregoing.

The bond was pleaded with a profert, and the presiding judge rightly sustained the demurrer for the variance. By R. S., c. 82, § 19, he had the same power as the full court, after such ruling and before exceptions filed, to allow the plaintiffs to amend. We think the amendment was allowable. It was simply a case of misdescription of the contract upon which the plaintiffs undertook to declare, and comes within the principles laid down in *Cummings* v. *Buckfield Branch,* 35 Maine, 478 ; *Wing* v. *Chase, id.* 260, and *Cooper* v. *Bailey,* 52 Maine, 230. It is no good ground of demurrer that the bond, though several as well as joint, was not so described ; this, being a joint action, is sustained by the production of the joint bond of the defendants. But the exceptions state that the judge allowed the plaintiffs to amend their declaration without terms.

If it had been a case where the allowance of the amendment was subject only to such terms as the judge in his discretion might see fit to impose, the defendant would have no ground of exception.

But in respect to demurrers to declarations, R. S., c. 82, § 19, is imperative as to the terms upon which the-plaintiff may amend, if his declaration is adjudged defective upon demurrer. In such case if the declaration is amendable, "the plaintiff may amend upon payment of costs, from the time when the demurrer was filed." This demurrer was filed at the September term, 1876. It was error to allow the plaintiffs to amend their declaration at the April term, 1877, without payment of costs, and for this reason only the exceptions are sustained. Plaintiffs may have leave to amend upon the statute terms.　　　　　　　　　　　　*Exceptions sustained.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and LIBBEY, JJ., concurred.