John McDonough and Joseph Stevens v. Manuel Heyman.

*Action brought by an indorser as payee—Agent's authority to make drafts—Estoppel.*

An agent's authority to make drafts cannot be proved by his own statements.

Where a variance in the middle initial of the maker of a draft could not have prejudiced any one, it will not be noticed.

Suit was brought by an indorser against the makers of a draft purporting to be drawn by an agent, and it was shown that the drawer had previously made a similar draft to the order of the same person, and it had been paid.   *Held* proper to show what the drawer had said in the former case as to his authority to draw, for the purpose of showing that he assumed to act in the same capacity in both cases, since his conduct in the earlier case gave color to his assumption of authority in the later.

In assumpsit by the indorser of a draft against the makers, the
plaintiff, though declaring as payee, has a right to show that as
an indorser he had paid the draft after receiving notice of its
dishonor.

Where the proceeds of a draft made without authority in the name
of another are received by the latter with full knowledge of
the transaction, he must be held to have adopted the act of the
original maker and to be liable upon the draft.

Error to Eaton.   Submitted Jan. 16.   Decided Feb. 1.

Assumpsit. · Defendants bring error.

*M. McIntyre* and *Frank A. Hooker* for plaintiffs in
error.    The variance between Daniel W. Brock and D.
M. Brock is fatal, *Gwinnett v. Phillips*, 3 T. R., 646; *War-
ren v. Bean*, 6 Wis., 120; 393; *Eilert v. Oshkosh*, 14 Wis.,
586; *Gilbert v. Hanford*, 13 Mich., 43; *Bowen v. Mul-
ford*, 5 Halst., 230; *Com. v. Perkins*, 1 Pick., 387; *Com.
v. Hall*, 3 Pick., 262.    The admissions of an alleged
agent cannot prove his agency, *Hatch v. Squires*, 11
Mich., 185.

*D. P. Sagendorph* and *E. A. Foote* for defendant in
error.    A variance that does not mislead may be dis-
regarded, and after verdict,˙is cured by the statute of
jeofails, Comp. L., § 6051 (*East Boston Timber Co. v.
Persons*, 2 Hill, 126; *Rorabacher v. Lee*, 16 Mich., 169;
*Reed v. Gage*, 33 Mich., 179), and the law takes no account
of middle initials, *Choen v. State*, 52 Ind., 347 : 21 Amer.
Rep., 179; *Van Vorhis v. Budd*, 39 Barb., 479.    Payment
of a draft made by an agent, without objecting to it,
would tend to prove a continuing agency, *Stroh v. Hinch-
man*, 37 Mich., 490; *Kornemann v. Monaghan*, 24 Mich., 36.

Marston, J.    Defendant in error brought assumpsit
against plaintiffs in error, declaring specially and also
upon the common counts.    Attached to the declaration
was a copy of a draft purporting to be drawn in the
name of McDonough & Stevens by D. M. Brock, pay-
able to the order of Heyman and endorsed by him.

It appeared upon the trial that the draft was drawn
by Daniel W. Brock, claiming to act as the agent of
McDonough & Stevens, and it was claimed that this was
a variance, in that the initial of the middle name was
W. and not M.   Admitting as claimed that there was
a variance in this respect, yet it was one that could not
have misled the defendants nor injured them in any way.
Whether the initial letter of Brock's middle name was
M. or not, was a matter of but little if any consequence,
and in no way affected the parties to their prejudice.

The material question was as to the authority of Brock
to bind the defendants in this manner.   It appeared
that he had previously drawn a similar draft payable to
the order of Heyman which had been paid.   And in con-
nection with proof of this fact, Heyman was asked what
Brock said to him at the time this first draft was drawn
and endorsed by Heyman as to his [Brock's] authority
to draw in the name of defendants.   This was objected
to for the reason that Brock's agency or authority to
draw could not thus be proven by his own statements.
This question was not admissible for such a purpose, but
to show that in the drawing of that draft and the one
in question he assumed to act in the same capacity, for
unless such was the case there would be no significance
in the mere fact that a draft had been drawn by him
upon defendants and paid.   It was the fact that he then
claimed to act as their agent, and the payment of the
draft he had then drawn, which gave color to his assump-
tion of authority to draw the draft relied upon in this
case.

An objection was made to a question asked plaintiff
as to what he did after receiving notice of the dishonor
of this draft, upon the ground that this was an attempt
to prove a contract different from that set up in the
declaration.   There is no force in the objection.   Under
the pleadings the plaintiff had a right to show that as
an endorser he had paid the draft.

A letter had been offered in evidence by the plaintiff

from defendants to Brock as tending to show that the latter was acting as their agent. In reply to this, defendants offered to show by parol that the letter was but a circular and similar to what they had sent to each of the parties who had dealings with them. It did not appear, however, that this letter was similar to those usually sent, and for this reason, if none other, the court properly excluded the evidence.

An exception was taken to that portion of the charge in which the court instructed the jury in substance that in case they found Brock had no authority to bind the defendants in this manner, yet if they should find that McDonough & Stevens appropriated, enjoyed and received the proceeds of the draft with full knowledge of the facts as to the manner in which it was obtained, and of the whole transaction, under such circumstances they could not enjoy the fruits of the transaction without adopting the acts of their agent in obtaining the same, and that under such a state of facts plaintiff would be entitled to recover. In this we discover no error. It is but the statement and application of a well settled principle to the facts in this case. We can discover nothing in this or in the charge taken as a whole, of which plaintiff in error can complain.

The judgment must be affirmed with costs.

CAMPBELL, C. J., and GRAVES, J., concurred.

COOLEY, J. I agree in the main in the opinion of my brother Marston. I am not quite satisfied, however, that evidence of the making of the prior draft by Brock ought to have been received. The record, however, is too uncertain and indefinite in its references to that draft to enable us to decide satisfactorily the question raised. My brethren think the record shows that the former draft was drawn in the form of the one in suit, and was signed by Brock as agent. I do not so understand it, but understand it to have been drawn by

Brock on McDonough & Stevens. The inferences from the payment of the draft would have been quite different in the two cases.

I can see no objection to the evidence that Heyman took up the draft after having negotiated it by endorsement. It is suggested that the evidence of that fact changes the character in which he sues; that he brings suit as payee of the draft, and then, through this evidence, seeks to recover as endorser. But I think this is erroneous. Suing as payee on a draft which had been negotiated, he was under the necessity of producing it, and there could be no harm, even if there was no necessity, in showing that he took up the draft by paying the amount to the holder to whom he was responsible as endorser.