FRANK VUMBACA *vs.* IDA B. WEST.

Cumberland. Opinion September 28, 1910.

*Contracts. Variance. Evidence.*

The defendant, who is sued under the name of Ida B. West, made and signed a written contract with the plaintiff " for laying blocks of a cement house" on her land, for a breach of which on her part this suit was brought. In the declaration the plaintiff set out in full a written memorandum of contract, in which the defendant was named as Ida B. West, and as having signed the memorandum by the same name. At the trial the plaintiff offered in evidence a written memorandum in all respects like the one declared on, except that the defendant's name there appeared as Ida A. West. *Held*, that the variance was not fatal, and that the memorandum was properly admitted in evidence.

By the contract the defendant was to furnish the blocks. The contract provided that the walls were to be twenty-nine feet high, but it was silent as to the thickness of the walls or the blocks. *Held*, that oral evidence that it was agreed that the blocks should be twelve inches thick is admissible. It does not contradict the written memorandum. It merely supplies the omission of an essential particular.

On exceptions by defendant. Overruled.

Special action of assumpsit brought by the plaintiff in the Superior Court, Cumberland County, to recover for breach of a special contract to build a house for the defendant, according to the terms of

the contract as set out in the plaintiff's writ.   Plea, the general
issue.   Verdict for plaintiff for $40.   The defendant excepted to
certain rulings during the trial.

The case is stated in the opinion.
*Mc Gauflin & Briggs*, for plaintiff.
*Wilford G. Chapman*, for defendant.

SITTING:   EMERY, C. J., SAVAGE, PEABODY, SPEAR, CORNISH,
KING, JJ.

SAVAGE, J.   Action for breach of contract.   The plaintiff in his
declaration sets out in full a written memorandum of agreement "for
laying blocks of cement house to be located at No. 52 Myrtle Street,
Portland, Maine."   As declared upon, the memorandum, so far as
it is necessary to state it here, recites that Frank Vumbaca agrees
to lay the cement blocks, provide the cement,   .   .   .   and supply
his own stagings   .   .   .   on basement completed :  height, twenty-
nine feet ; with two bay windows out, and back end on Stone Street
out.

Ida B. West is to furnish all blocks for the work to be done
under this contract.   .   .   .   Said Ida B. West is to pay for all
extra work not mentioned in this contract.   .   .   .

Ida B. West is to pay for the above work the sum of one hundred
and ninety dollars, when the work is completed in a manner to meet
with the approval of the Building Inspector of Portland.   .   .

(Signed)  Frank Vumbaca.
(Signed)  Ida B. West."

The plaintiff averred further that the defendant failed to furnish
the blocks, and to complete the basement on which the blocks were
to be laid, as she had agreed to do, and thereby prevented the
plaintiff from performing his part of the contract.   For this alleged
breach, the plaintiff sued the defendant as Ida B. West, and under
that name she appeared and pleaded the general issue.   The result
of the trial was a verdict for the plaintiff.

During the trial the plaintiff offered in evidence an original
memorandum, similar in all respects to the one set out in the decla-

ration, except that the name of the party contracting with the plaintiff was there given as "Ida A. West," instead of "Ida B. West," and the memorandum was signed by "Ida A. West." The plaintiff testified that the defendant was the person with whom he contracted, and who signed the contract. The defendant objected to the admission of the memorandum on the ground that there was a variance between the contract declared on and the one offered. It was admitted by the court, and the correctness of this ruling is the subject of the defendant's first exception.

We think the defendant's position is untenable. Here is no question about identity of parties. The defendant is the one who signed the contract as Ida A. West. Which of the two names is the correct one we are not told. It matters not. The variance, if the misdescription may be so called, in the middle initial letter of the defendant's name is immaterial, since there is no question of the identity of the person. It affords no defense. The defendant was impleaded. The contract offered was her contract. It was properly admitted. *Dodge* v. *Barnes*, 31 Maine, 290 ; *Medway Cotton Manufactory* v. *Adams*, 10 Mass. 360 ; *Orne* v. *Shephard*, 7 Mo. 606 ; *McDonough* v. *Heyman*, 38 Mich. 334. It has many times been held that the entire omission of a middle initial, or the insertion of an incorrect middle name or initial will not create a misnomer, nor as a general rule result in a fatal variance if contradicted by the evidence. See 14 Ency. of Pleading and Practice, 276, and cases cited.

Nor is there more merit in the defendant's second exception. The court below, against the defendant's objection, permitted the plaintiff to introduce testimony tending to show that the cement blocks as agreed upon were to be twelve inches thick. It is contended that this was a violation of the parol evidence rule, in that it permitted the written agreement to be modified or added to by oral evidence. We do not think so. The written contract was silent as to the thickness of the blocks or the thickness of the wall. But it is evident that thickness in such a case is an important, an essential, particular. We gather from the defendant's argument that she does not deny that a twelve inch wall was contemplated, but she claims that inas-

much as there are both twelve inch and eight inch blocks used in constructing the walls of buildings, she had the right to elect, the contract being silent, whether the plaintiff should lay twelve inch blocks, or to lay eight inch blocks and line them with four inch bricks. As to this, it is hardly necessary to observe that the written contract which the defendant wishes to be kept intact, makes no mention of brick lining.

But as touching the right of election, suppose, for illustration, that the contract had been silent as to height of the wall, or the number of stories of the house to be erected. Houses are erected of one, two, three, four or more stories. Could it reasonably be said that the defendant could have the election whether walls were to be built for a one story, or for a four story house? The question answers itself.

In this case the written agreement was on its face apparently incomplete. An essential stipulation was omitted. The evidence offered did not contradict the writing. It merely supplied the omission. The case falls within the exception to the parol evidence rule, and within the doctrine stated in *Neal* v. *Flint,* 88 Maine, 83, and *Gould* v. *Boston Excelsior Co.,* 91 Maine, 214. That doctrine is that where the writing does not of itself import that all the stipulations between the parties with reference to the subject matter were intended to be expressed in them, and where the particular stipulation offered to be shown by parol is of such a nature that the omission to express it in the writing does not indicate that it was not agreed upon, and it in no way contradicts or conflicts with any written stipulation, parol evidence of such a stipulation is admissible. *Gould* v. *Boston Excelsior Co.,* supra. No other exceptions have been pressed in argument. And, upon examination of the record, we find no error.

*Exceptions overruled.*